IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PAUL GRATTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:20-cv-00742 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| DONALD Q. COCHRAN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

In 2017, a federal jury found Paul Gratton guilty on five firearm counts, and the Court sentenced him to a term of 45 months' imprisonment to be followed by 3 years of supervised release. *United States v. Gratton*, No. 3:16-cr-00043, Doc. No. 280 (M.D. Tenn. Dec. 14, 2017). Gratton has now filed a pro se Petition for a Writ of Mandamus under 28 U.S.C. § 1361. (Doc. No. 1). He alleges—not for the first time, as explained below—that the prosecution team engaged in criminal conduct to secure his conviction during trial. (*Id.* at 2). And he requests that the Court order the United States Attorney for this district to report his complaints of criminal conduct to the United States Attorney General.[1] (*Id.* at 5).

Respondent filed a Motion to Dismiss the Petition and to Have Gratton Declared a Vexatious Litigant. (Doc. Nos. 9, 10). Gratton filed a Response (Doc. No. 13), and Respondent filed a Reply. (Doc. No. 14). For the following reasons, Respondent's Motion will be **GRANTED**, the other pending motions (Doc. Nos. 15, 17, 19) will be **DENIED** as moot, and this action will be **DISMISSED**.

---

[1] Since Gratton filed this action, the U.S. Attorney for this district and the US Attorney General have changed, but the Court has no reason to think that these developments moot Gratton's request for relief.

# I. BACKGROUND

What are Gratton's complaints of criminal conduct during trial? That Ben Schrader, an Assistant U.S. Attorney assigned to Gratton's case, used hand signals to coach the testimony of a witness named Ben Boerner, and that individuals in the hallway outside the courtroom sent text messages to the prosecution team. (Doc. No. 1 at 2). Gratton has raised these same witness tampering allegations many times since his sentencing.

Gratton first raised these allegations in this Court while his direct appeal was pending, through a pro se filing titled "Second Request for Bail Pending Appeal and Request to Convene a Grand Jury Rule 6(a) of the Federal Rules of Criminal Procedure." *Gratton*, No. 3:16-cr-00043, Doc. Nos. 296, 297 (M.D. Tenn. Feb. 16, 2018). The Court denied the Motion for lack of jurisdiction. *Id.*, Doc. No. 300 (M.D. Tenn. Feb. 27, 2018).

Also during the pendency of Gratton's appeal, he "wrote letters to United States Attorney Donald Q. Cochran, asking him to convene a grand jury to investigate" the witness tampering allegations. *Gratton v. Cochran*, Nos. 19-5176/5555, 2020 WL 2765775, at *1 (6th Cir. Jan. 2, 2020). That approach proving unsuccessful, Gratton filed a Petition for a Writ of Mandamus under 28 U.S.C. § 1361 ("First Mandamus Petition"), requesting that the Court order Cochran to present his evidence of witness tampering to a grand jury. *Gratton v. Cochran*, No. 3:18-cv-00554, Doc. No. 1 (June 14, 2018).

The Sixth Circuit Court of Appeals then affirmed the judgment in Gratton's criminal case. Gratton specifically raised the witness tampering allegations, and the Sixth Circuit rejected them as baseless:

> Gratton argues that the prosecutor engaged in misconduct by using hand signals to coach a witness, Ben Boerner, during Gratton's cross-examination. Gratton also claims that individuals in the hallway outside the courtroom sent text messages to

> the prosecution team during the trial. . . . Gratton cannot show any error because nothing in the record supports his allegations.
>
> In his reply brief, Gratton asserts that his allegations of prosecutorial misconduct need no support in the record and that the government should be required to interview the people who were in the courtroom and present affidavits from them to dispute his allegations. But Gratton bears the burden to demonstrate that an error occurred in the district court. Gratton further contends that the Assistant United States Attorney who wrote the brief on behalf of the government is acting under a conflict of interest and conspiring to obstruct justice. Gratton's arguments are baseless.

*Gratton*, No. 3:16-cr-00043, Doc. No. 307 at 2–3 (M.D. Tenn. Aug. 24, 2018) (citation omitted). The Mandate issued a few weeks later. *Id.*, Doc. No. 308 (M.D. Tenn. Sept. 18, 2018).

Gratton filed a Motion to Recall the Mandate in the Sixth Circuit, alleging new evidence in support of his witness tampering allegations. *United States v. Gratton*, No. 17-6547, Doc. No. 34 (6th Cir. Oct. 4, 2018). The Sixth Circuit summarily denied it. *Id.*, Doc. No. 35 (6th Cir. Oct. 15, 2018). Gratton filed another Motion to Recall the Mandate, *id.*, Doc. No. 36 (6th Cir. Nov. 8, 2018), and the Sixth Circuit explained that "[n]either the federal nor local rules governing this court provide for serial motions to recall the mandate." *Id.*, Doc. No. 37 (6th Cir. Dec. 20, 2018). The Sixth Circuit advised Gratton that "[n]o further action will be taken in this closed appeal." *Id.*

At the same time as the Sixth Circuit affirmed Gratton's criminal judgment, Respondent filed a Motion to Dismiss the First Mandamus Petition under Federal Rule of Civil Procedure 12(b)(1) and (6). *Gratton*, No. 3:18-cv-00554, Doc. Nos. 9, 10 (Aug. 24, 2018). The parties fully briefed it. *Id.*, Doc. Nos. 11, 13, 14, 15. The Court granted the Motion to Dismiss, *id.*, Doc. No. 26 (M.D. Tenn. Feb. 13, 2019), and Gratton appealed. *Id.*, Doc. No. 28 (M.D. Tenn. Feb. 22, 2019).

Less than two months after the Court dismissed Gratton's First Mandamus Petition, he filed a Complaint under 18 U.S.C. § 1961 et seq., the Racketeer Influenced and Corrupt Organizations (RICO) Act. *Gratton v. Cochran, et al.*, No. 3:19-cv-00267, Doc. No. 1 (M.D. Tenn. Apr. 1, 2019).

3

He again raised the witness tampering allegations, alleging that Schrader and "other unknown members of the prosecution team committed a series of felonies to [e]nsure [Gratton's] conviction," and that Cochran "may be fairly accused of being an accessory to his subordinate's crime." *Id.*, Doc. No. 1 at 2–3. The Court, on initial review pursuant to the Prison Litigation Reform Act, dismissed the Complaint for failure to state a claim under the RICO Act. *Id.*, Doc. Nos. 5, 6 (M.D. Tenn. Apr. 24, 2019). Gratton appealed, *id.*, Doc. No. 8 (May 13, 2019), and this appeal was consolidated with the appeal from the dismissal of Gratton's First Mandamus Petition. *Gratton*, No. 3:18-cv-00554, Doc. No. 33 (M.D. Tenn. Aug. 27, 2019).

Meanwhile, in Gratton's criminal case, he filed two Motions to Reduce Sentence. *Gratton*, No. 3:16-cr-00043, Doc. Nos. 310, 311 (M.D. Tenn. Sept. 16 & 27, 2019). The Government responded in opposition, *id.*, Doc. No. 313 (M.D. Tenn. Oct. 24, 2019), and Gratton filed a Motion to Strike the Response. *Id.*, Doc. No. 315 (M.D. Tenn. Nov. 4, 2019). In the Motion to Strike, Gratton again referenced the witness tampering allegations, stating that Schrader is "complicit in [his] wrongful conviction" and that Schrader's "felonious activity is an issue in two cases at the Sixth Circuit Court of Appeals." *Id.*, Doc. No. 315 at 1. In a Response, the Government stated that Gratton was "opening himself up to a request for sanctions from the government, to ensure that he be prohibited from using this Court's docket as a vehicle for levying ad hominem accusations against government counsel." *Id.*, Doc. No. 316 (M.D. Tenn. Nov. 18, 2019). The Court denied the Motions to Reduce Sentence and the Motion to Strike. *Id.*, Doc. No. 321 (M.D. Tenn. Feb. 3, 2020).

The Sixth Circuit affirmed the dismissal of Gratton's First Mandamus Petition and RICO Complaint. *Gratton*, 2020 WL 2765775. About eight months later, Gratton filed another Petition for a Writ of Mandamus under 28 U.S.C. § 1361 ("Second Mandamus Petition"), which forms the

4

basis of this action. (Doc. No. 1). Gratton's Second Mandamus Petition repeats the same witness tampering allegations, and again requests that the Court order the U.S. Attorney to take action on that basis. (*Id.* at 2, 5). The primary difference from the First Mandamus Petition is that Gratton now asks the Court to order the U.S. Attorney to report his witness tampering allegations to the U.S. Attorney General rather than present his evidence to a grand jury. (*Id.* at 5).

## II. ANALYSIS

Respondent requests dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6). (Doc. No. 10 at 4–11). Respondent also requests that the Court declare Gratton to be a vexatious litigation and "impose a pre-filing screening requirement on any future filings by" Gratton. (*Id.* at 11–12). Both of Respondent's requests will be granted, although the Court will impose a more narrowly tailored filing restriction on Gratton than the one requested by Respondent.

### A. Motion to Dismiss

A Rule 12(b)(1) dismissal is for lack of subject matter jurisdiction, and a Rule 12(b)(6) dismissal is for failure to state a claim upon which relief can be granted. Gratton seeks relief under 28 U.S.C. § 1361, which gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." In a Section 1361 action, "the usually separate questions of jurisdiction and failure-to-state-a-claim merge" because "[t]here can be no mandamus jurisdiction if no 'duty' exists on the part of the defendants." *Humility of Mary Health Partners v. N.L.R.B.*, No. 09-CV-0453, 2010 WL 796824, at *2 (N.D. Ohio Mar. 3, 2010) (quoting *Davis Assocs., Inc. v. Sec'y, Dep't of Hous. & Urban Dev.*, 498 F.2d 385, 388 (1st Cir. 1974)). In other words, "[t]he existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court

5

must find that a duty is owed to the [petitioner]." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (quoting *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987)).

"Mandamus is available only if: (1) the [petitioner] has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the [petitioner]." *Rimmer v. Holder*, 700 F.3d 246, 264 (6th Cir. 2012) (quoting *Carson*, 633 F.3d at 491). Mandamus relief is a "drastic" remedy, "to be invoked only in extraordinary situations." *Carson*, 633 F.3d at 491 (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). It "is not an appropriate remedy if the action that the petitioner seeks to compel is discretionary." *Id.* (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

1. Respondent's Duty

Gratton asserts that Respondent owes him a duty based on 28 U.S.C. § 535(b). (Doc. No. 1 at 1–5). This statute provides that, with two exceptions, "[a]ny information, allegation, matter, or complaint . . . received in a department or agency of the executive branch of the Government relating to violations of Federal criminal law involving Government officers and employees shall be expeditiously reported to the Attorney General by the head of the department or agency, or the . . . recipient, as appropriate." Gratton asserts that the U.S. Attorney failed his mandatory duty under this statute to report Gratton's allegations of criminal conduct (the now-familiar allegations of witness tampering during trial) to the U.S. Attorney General. (Doc. No. 1 at 1, 5).

As the Sixth Circuit explained in affirming the dismissal of Gratton's First Mandamus Petition, "decisions to conduct a particular investigation and about the scope and method of an investigation fall within the discretion of federal prosecutors." *Gratton*, 2020 WL 2765775, at *2 (citing *Peek v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970)). That remains the case even though Gratton now seeks to trigger an investigation by having his allegations reported to the U.S.

Attorney General rather than presented to a grand jury. *See Bailey v. Brandler*, 726 F. App'x 108, 109 (3d Cir. 2018) (rejecting argument that employees of the U.S. Attorney's Office for the Middle District of Pennsylvania owed petitioner a duty under Section 535(b) for the purpose of mandamus relief); *Dantzler v. U.S. Dep't of Justice*, No. 1:20-cv-01505 (TNM), 2021 WL 2809125, at *6 (D.D.C. July 6, 2021) (rejecting attempted reliance on Section 535(b) for mandamus relief because it "mandates only *internal* reporting; it does not compel an investigation"); *Davidson v. United States*, No. CA 2:01-2685-20AJ, 2001 WL 34681742, at *1 (D.S.C. July 25, 2001) (concluding that "Section 535 does not create any right or duty that would allow the court to grant" a request "to contact the Attorney General for the United States and report [] alleged wrongdoing"); *Blackmer v. U.S. Dep't of Justice*, No. 10-cv-124-SM, 2010 WL 2710401, at *4 (D.N.H. July 7, 2010) (citing *Agunbiade v. United States*, 893 F. Supp. 160, 163 (E.D.N.Y. 1995)) ("No duty enforceable through mandamus has been found to lie against the Attorney General to investigate charges that an Assistant United States Attorney and DEA agents engaged in criminal conduct during the prosecution of a criminal case."), *report and recommendation adopted*, 2010 WL 3608336 (D.N.H. Sept. 10, 2010). Accordingly, the Court concludes that Respondent does not owe Gratton a duty to report his witness tampering allegations to the U.S. Attorney General.

    2. Gratton's Right to Relief

Even if Respondent owed Gratton a duty to act, moreover, Gratton would still need to show that he "has a clear right to relief." *See Rimmer*, 700 F.3d at 264 (quoting *Carson*, 633 F.3d at 491). Article III of the United States Constitution requires the party invoking federal jurisdiction to establish standing to pursue the requested relief. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "[S]tanding consists of three elements," such that the party "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Without addressing the second element, it is clear that Gratton has not established elements one and three.

### A. Injury in Fact

"To establish injury in fact, a [party] must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). This is "the '[f]irst and foremost' of standing's three elements." *Id.* at 1547 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)).

As the Sixth Circuit explained in its prior order, "[i]nterests 'in the prosecution of government officials and in seeing that the laws are enforced . . . are not legally cognizable within the framework of Article III.'" *Gratton*, 2020 WL 2765775, at *2 (quoting *Sargeant v. Dixon*, 130 F.3d 1067, 1070 (D.C. Cir. 1997); citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Although Gratton may assert that he is merely asking for his criminal complaints to be reported to the U.S. Attorney General (just as he may have previously asserted that he "merely sought an investigation by a grand jury"), that "can only be because he has an ulterior interest in seeing certain persons prosecuted." *Id.* (quoting *Sargeant*, 130 F.3d at 1070). And because Gratton does not have a cognizable interest in the prosecution of officials or the enforcement of criminal laws, he also does not have a cognizable interest in reporting his criminal complaints to the U.S. Attorney General sufficient to confer standing.

### B. Redressability

Redressability is the "likelihood that the requested relief will redress the alleged injury." *Steel Co.*, 523 U.S. at 103 (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 45–46 (1976)).

"[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 43). Here, even if Gratton has a "legally cognizable interest" in undermining the validity of his convictions, "the vindication of that interest on the basis of the allegations in his [Second Mandamus Petition] is too speculative . . . to support his standing." *Sargeant*, 130 F.3d at 1069 (citing *Lujan*, 504 U.S. at 561). That is, it is "highly speculative" that reporting Gratton's allegations of witness tampering to the U.S. Attorney General "would lead to prosecution, and the prosecution to convictions, and those convictions to ultimate collateral relief on [Gratton's] sentence." *See Bain v. Vt. Dist. Court*, No. 1:06-CV-214, 2007 WL 4412032, at *5 (D. Vt. Dec. 14, 2007) (rejecting request for court to order federal prosecutors to present evidence to a grand jury). Gratton therefore fails to satisfy the redressability requirement of standing as well.

In sum, Gratton does not have a legally cognizable interest in the requested relief, and even if he did, that relief is extremely unlikely to result in a viable collateral attack on his convictions or sentence. Gratton therefore lacks standing, and without standing, Gratton lacks a clear right to the requested relief. For that reason, and because Respondent does not owe Gratton a duty to report his criminal complaints to the U.S. Attorney General, the Court does not have mandamus jurisdiction under 28 U.S.C. § 1361. Accordingly, Respondent's request to dismiss Gratton's Second Mandamus Petition will be granted.

**B. Motion to Have Gratton Declared a Vexatious Litigant**

Gratton does not meaningfully respond to Respondent's request to have him declared a vexatious litigant, instead providing a few lines of derisive commentary. (Doc. No. 13 at 4–5). This Court "has 'inherent authority' to impose sanctions based on a litigant's bad faith, contemptuous conduct, and conduct that 'abuses the judicial process.'" *Clemons v. DeWine*, No.

19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019) (quoting *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516 (6th Cir. 2002); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). And as the Sixth Circuit has explained, "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 169 (6th Cir. 1998) (citing *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)).

The Sixth Circuit has suggested that a district court "imposing a vexatious litigant order" must do four things: "(1) provide notice to the [litigant]; (2) 'create an adequate record for review . . . includ[ing] a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make 'substantive findings as to the frivolous or harassing nature of the litigant's actions'; and (4) narrowly tailor the order 'to closely fit the specific vice encountered.'" *Clemons*, 2019 WL 7567197, at *3 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990)). The Court will address each requirement in turn.

1. <u>Notice</u>

Gratton has had notice that he could be declared a vexatious litigant since November 2019, when the Government stated that Gratton's repeated accusations of criminal conduct by the prosecution team during trial may lead to "a request for sanctions . . . to ensure that [Gratton] be prohibited from using this Court's docket as a vehicle for levying ad hominem accusations against government counsel." *Gratton*, No. 3:16-cr-00043, Doc. No. 316 at 3 (M.D. Tenn. Nov. 18, 2019). The Government followed through on that warning in this case, and the pending Motion to Have Gratton Declared a Vexatious Litigant provided additional notice and an opportunity to respond to the Government's request. Indeed, after the Government filed the pending Motion in this case, the Court entered an Order specifically advising Gratton that failure to respond in a timely manner

10

could result in the Court granting the Motion without further Order. (Doc. No. 11). Accordingly, the prospect of being deemed a vexatious litigant should come as no surprise to Gratton.

2. Record for Review

The Background section of this Memorandum lists the motions and cases that provide the basis for this Court's decision to declare Gratton a vexatious litigant. That is, Gratton has repeatedly raised the very same allegations that the prosecution engaged in criminal conduct to secure his conviction—through motions in his criminal case, on direct appeal, through motions in the Sixth Circuit, in his First Mandamus Petition, in a RICO Complaint, through an appeal from the dismissal of his First Mandamus Petition and RICO Complaint, and now in his Second Mandamus Petition. All of these efforts have been unsuccessful.

3. Substantive Findings of Frivolity and Harassment

The resolution of Gratton's repeated motions and cases reflects that his pursuit of the witness tampering allegations has been both frivolous and harassing. The Court is particularly concerned that, a mere eight months after the Sixth Circuit affirmed the dismissal of Gratton's First Mandamus Petition, he returned to this Court with a Second Mandamus Petition premised on the same allegations. Gratton may argue that the two cases are not repetitive because his request for relief changed. But two reasons provided by the Sixth Circuit for affirming dismissal of the First Mandamus Petition clearly explained why Gratton would not be entitled to relief in this case. To repeat, the Sixth Circuit held that: (1) "decisions to conduct a particular investigation and about the scope and method of an investigation fall within the discretion of federal prosecutors," *Gratton*, 2020 WL 2765775, at *2 (citing *Peek*, 419 F.2d at 577); and (2) "[i]nterests 'in the prosecution of government officials and in seeing that the laws are enforced . . . are not legally cognizable within the framework of Article III.'" *Id.* (quoting *Sargeant*, 130 F.3d at 1070; citing *Linda R.S.*, 410 U.S.

at 619). These principles apply regardless of the means by which Gratton seeks to compel an investigation of his allegations.

As a pro se party, Gratton is entitled to a liberal construction of his pleadings and some degree of leniency in how the Court views his interactions with the federal court system. *See Gordon v. England*, 354 F. App'x 975, 981 (6th Cir. 2009) (quoting *Lawler v. Marshall*, 898 F.2d 1196, 1200 (6th Cir. 1990)) ("[I]t is clear that leniency in the strictures of pleading should be shown to pro se plaintiffs."). However, the Court considers Gratton's renewed presentation of the witness tampering allegations through the Second Mandamus Petition, under the thin pretense of a revised request for relief, as an unacceptable escalation of increasingly vexatious litigation tactics on this subject. Sanctions are therefore warranted.

4. <u>Tailoring the Order</u>

The Court "must use the least restrictive sanction necessary to deter the inappropriate behavior," *Hyland v. Stevens*, 37 F. App'x 770, 771 (6th Cir. 2002), and it "will not absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court." *Id.* (citing *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996)). "In most cases, the preferred approach is to require an abusive litigant to obtain leave of court before filing suit regarding the operative facts that have been the basis for his or her litigiousness." *Id.* (citing *Filipas*, 835 F.2d at 1146; *Siller v. Haas*, 21 F. App'x 270, 272 (6th Cir. 2001)); *see also Clapper v. Clark Dev.*, Nos. 14-3500/3770, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015) (citing *Feathers*, 141 F.3d at 269; *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000)) ("Amongst the restrictions this court has approved is a limitation on filing pleadings without first obtaining approval from the court to do so."); *Callihan v. Kentucky*, 36 F. App'x 551, 553 (6th Cir. 2002) (affirming district court order enjoining litigant from filing new civil actions without first obtaining leave of court relating to

allegations of a criminal conspiracy to violate his civil rights by pursing criminal charges against him). That approach is appropriate here.

Accordingly, as provided in the Order accompanying this Memorandum, Gratton will be **BARRED** from filing any new civil matter in this Court based on allegations of criminal conduct by the prosecution team during trial without obtaining permission from the Court. If Plaintiff attempts to file such a matter, the Clerk will be **DIRECTED** to present it to the Court for review, and it will be docketed only if the Court first determines that the matter is non-frivolous and not brought for any improper purpose.

This filing restriction does not apply to any motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. However, the Court expresses no opinion regarding the procedural or substantive viability of any Section 2255 motion Gratton may file.

### III. CONCLUSION

For these reasons, Respondent's Motion to Dismiss the Petition and to Have Gratton Declared a Vexatious Litigant. (Doc. No. 9) will be **GRANTED**, and the other pending motions (Doc. Nos. 15, 17, 19) will be **DENIED** as moot. This action will be **DISMISSED**, and Gratton will be subject to the filing restriction set out above.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE